

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-26-00016-CR

CURTIS WRIGHT, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1817459

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Curtis Wright, Jr., pled guilty to the third-degree felony of failure to comply with sex-offender registration requirements. The trial court deferred Wright's adjudication and placed him on community supervision for a period of five years. The State petitioned to proceed to adjudication, alleging that Wright violated the terms of his community supervision by (1) having contact with a child under the age of seventeen, (2) operating a cell phone capable of accessing the internet without installing "blocking and/or monitoring software," (3) accessing a social networking website, and (4) failing a polygraph examination. Wright pled true to the State's allegation regarding the operation of a cell phone without installing the monitoring software, and the trial court proceeded to a hearing on adjudication. As a result, the trial court found both allegations two and three to be true and revoked Wright's community supervision, adjudicated Wright guilty, and sentenced him to eight years' incarceration. Wright appeals.[1]

Wright's counsel filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim.

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On March 6, 2026, counsel mailed to Wright copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record, lacking only Wright's signature. Wright was informed of his rights to review the record and file a pro se response. We received Wright's pro se response on June 2, 2026.

We have reviewed the entire appellate record and Wright's pro se response and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Scott E. Stevens
Chief Justice

Date Submitted: June 3, 2026
Date Decided: June 24, 2026

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.